UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROLF NIEUWEJAAR, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>  Defendants. | CASE NO. C15-1663JLR<br><br>ORDER OF DISMISSAL |

## I.   INTRODUCTION

This matter comes before the court on Defendants Nationstar Mortgage, LLC, and U.S. Bank, N.A.'s motion to dismiss Plaintiffs Rolf and Gerd Nieuwejaar's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (Mot. (Dkt.

---

[1] Although Plaintiffs' second operative complaint is presently before the court, the parties and the Clerk refer to it as the second amended complaint.  (*See, e.g.*, Dkt.; SAC (Dkt. # 24).)  Plaintiffs attached a "first amended complaint" to their motion to amend (Mot. to Am. (Dkt. # 17) Ex. 1), but the motion to amend was denied (2/9/16 Order (Dkt. # 22)).  Plaintiffs filed two

ORDER- 1

# 25); *see also* Reply (Dkt. # 27); SAC (Dkt. # 24).) The court has reviewed the motion, all submissions filed in support thereof and opposition thereto, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS Defendants' motion to dismiss and DISMISSES Plaintiffs' second amended complaint with prejudice and without leave to amend.

## II.    BACKGROUND

This case concerns Plaintiffs' attempt to rescind their October 2006 residential mortgage loan ("the subject loan"). (*See* SAC ¶ 5 (referencing Compl. (Dkt # 1) Ex. A).) On May 15, 2015, Plaintiffs sent Defendants a notice of rescission in an effort to rescind the subject loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. (*Id.*) Defendants did not cancel the note for the subject loan upon receipt of Plaintiffs' notice. (*See id.* ¶ 14.) On October 1, 2015, Defendants initiated the foreclosure process by posting a notice of default on Plaintiffs' property. (*Id.* ¶ 25.)

Plaintiffs filed this action seeking enforcement of their rescission under TILA. (*See* SAC at 5-6; *see also* Compl. at 4, 5-6.) The court dismissed Plaintiffs' original complaint for failure to state a claim.[3] (2/9/16 Order (Dkt. # 22).) Plaintiffs filed their

---

"second amended complaints," intending the second version to correct the first. (*Compare* Original SAC (Dkt. # 23) *with* SAC (Dkt. # 24).) The court refers to the corrected version of Plaintiffs' second operative complaint as the second amended complaint. (SAC.)

[2] No party has asked for oral argument concerning this motion, and the court deems it to be unnecessary. *See* Local Rules W.D. Wash. LCR 7(b)(4).

[3] The court dismissed Plaintiffs' original complaint because it did not contain allegations from which the court could infer that (1) the subject loan could qualify for rescission under TILA or (2) the notice of rescission could be timely. (2/9/16 Order at 5.)

ORDER- 2

second amended complaint on February 23, 2016. (SAC.) The changes reflected in Plaintiffs' second amended complaint include (1) a statement that "[u]pon information and belief, the subject loan was never consummated" (*id.* ¶ 12); (2) reference to two notices "disputing the debt," which Plaintiffs allegedly sent to Defendants on February 26, 2009, and March 5, 2009 (*id.* ¶ 16); and (3) the statement that "[t]he subject mortgage loan secures and/or secured the acquisition of plaintiffs' home, which is their principal dwelling" (*id.* ¶ 22). On March 7, 2016, Defendants filed the present motion to dismiss, arguing that Plaintiffs' notice of rescission was untimely and therefore ineffective. (Mot.)

### III. ANALYSIS

**A. Standard for a Motion under Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the non-moving party. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). The court must accept all well-pleaded allegations of fact as true and draw "all reasonable inferences in favor of the plaintiff." *Id*. However, legal conclusions and other conclusory statements receive no presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  As a result, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  In the event dismissal is warranted, however, leave to amend should be granted unless amendment would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.  Notice of Rescission under TILA**

Plaintiffs believe they have a right to rescind the subject loan pursuant to TILA, 15 U.S.C. § 1635.  (*See* SAC ¶¶ 4, 8-15; *see also* Compl. ¶¶ 4, 8-14.)  TILA allows borrowers in some types of consumer credit transactions to rescind their loan agreements unconditionally within three business days of the transaction.  15 U.S.C. § 1635(a); *see also Jesinoski v. Countrywide Home Loans, Inc.*, --- U.S. ---, 135 S. Ct. 790, 792 (2015).  TILA also provides a conditional right to rescind for up to three years after the consummation of a loan, but only if the lender fails to satisfy the TILA disclosure requirements.  *See* 15 U.S.C. § 1635(f); *Jesinoski*, 135 S. Ct. at 792.  In their motion, Defendants dispute the timeliness of Plaintiffs' notice of rescission (*see generally* Mot.), but the court also considers whether the subject loan is one of the "certain transactions" for which TILA confers a right of rescission.[4]  *See* 15 U.S.C. § 1635.

---

[4] The court recognizes that the parties have raised only the issue of timeliness.  (Mot.; Resp.)  Nevertheless, because Section 1635 is the only authority for rescission asserted by Plaintiffs (*see generally* SAC), the court raises the issue of TILA's applicability *sua sponte*, just as it did in ruling on Defendants' first motion to dismiss.  (*See* 2/9/16 Order at 5 n.4.)  A timely notice of rescission does not change the type of transactions for which a right of rescission exists

*1. Transactions eligible for rescission under TILA*

The conditional and unconditional rights of rescission under TILA apply only to certain transactions.  *See* 15 U.S.C. § 1635(e).  A consumer's right to rescind a credit transaction under TILA does not extend to "a residential mortgage transaction," *id.* § 1635(e)(1), which TILA defines as "a transaction in which a . . . deed of trust . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling," *id.* § 1602(x).[5]

Plaintiffs allege that "[t]he subject mortgage loan secures and/or secured the acquisition of plaintiffs' home . . . ." (SAC ¶ 22; Resp. at 3.)  This allegation brings the subject loan within the definition of a "residential mortgage transaction."  *See* 15 U.S.C. § 1602(x).  A borrower's right to rescind under TILA does not apply to such transactions.  *Id.* § 1635(e)(1).  Consequently, Plaintiffs' second amended complaint alleges facts that disqualify the subject loan from a right to rescind under TILA.  *See id.* § 1602(x).

---

under Section 1635.  *See* 15 U.S.C. § 1635 ("Right of rescission as to certain transactions."); *see, e.g., Olivia v. Nat'l City Mortg. Co.*, 490 F. App'x 904, at *2 (9th Cir. 2012) ("The district court properly dismissed plaintiffs' claims under [TILA] because the loan at issue was a 'residential mortgage transaction' and therefore not subject to TILA rescission." (citations omitted)); *Gonzalez v. GMAC Mortg. LLC*, No. CV 10-05021 DDP (AGRx), 2010 WL 3245818, at *3 (C.D. Cal. Aug. 17, 2010) ("Plaintiffs allege that the loan at issue was used to finance the acquisition of their home.  Accordingly, the Court concludes that the mortgage transaction at issue in this case was a residential mortgage transaction . . . and thus Plaintiffs have no right to rescind under TILA.").

[5] Pursuant to TILA, the right of rescission does not apply to "a residential mortgage transaction as defined in Section 1602(w) of this title."  15 U.S.C. § 1635(e).  The court interprets the cross-reference to direct the reader to the definition of "residential mortgage transaction" in Section 1602(x), not the definition of "dwelling" in Section 1602(w).  *See Middleton v. Guaranteed Rate, Inc.*, No. 2:15-cv-00943-RCJ-GWF, 2015 WL 3934934, at *3 n.1 (N.D. Cal. June 25, 2015) (explaining that the 2010 TILA amendments shifted the definitions in Section 1602 by one letter).

Plaintiffs therefore fail to state a claim for relief under TILA regardless of whether their notice of rescission was timely.

      2. *Timely notice of rescission under TILA*

The parties dispute whether Plaintiffs' notice of rescission was timely.[6] (*Compare* Mot., *with* Resp.) If Section 1635 applies to a borrower's consumer credit transaction, the borrower can execute the right of rescission by notifying the lender. 15 U.S.C. § 1635(a); *Jesinoski*, 135 S. Ct. at 792 ("The language [of Section 1635(a)] leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind."). However, the borrower must rescind the loan within the time constraints prescribed in the statute. 15 U.S.C. § 1635(f); *Jesinoski*, 153 S. Ct. at 792 (emphasis in original) (quoting 15 U.S.C. § 1635(f)) ("[T]his conditional right to rescind does not last forever. Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation . . . .'"). The time constraint in TILA "is a three-year statute of repose, requiring dismissal of a claim for rescission brought more than three years after the consummation of the loan secured by the first trust deed." *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1326 (9th Cir. 2012); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (holding that Section 1635(f) "completely extinguishes" a right of rescission after three years).

---

[6] Because the parties do not address whether the subject loan is exempted from the right of rescission under TILA and instead focus on the timeliness of Plaintiffs' notice of rescission, the court also discusses timeliness. (*See generally* Mot.; Resp.)

ORDER- 6

Defendants argue that Plaintiffs' notice of rescission was untimely because Plaintiffs sent it "nearly nine years after consummation of the transaction."[7] (Mot. at 4.) Plaintiffs respond that the rescission could be timely because the loan might not be consummated. (Resp. at 4.) However, like their original complaint, Plaintiffs' second amended complaint makes no factual allegations about consummation of the subject loan. (*See* SAC at 3; 2/9/16 Order at 7.) Plaintiffs' only allegation about consummation is that "[u]pon information and belief, the subject loan was never consummated." (SAC ¶ 12.) That statement is a legal conclusion, which is not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678. At this stage, the court considers the factual allegations in the complaint in the light most favorable to Plaintiffs. *al-Kidd*, 580 F.3d at 956. However, as the court explained in its previous order of dismissal, Plaintiffs must actually allege facts that, if true, would support their claims. (2/9/16 Order at 7 n.6); *Iqbal*, 556 U.S. at 678. The court still cannot infer a problem with consummation because Plaintiffs still have not pleaded any facts to support such an inference. (SAC; *see also* Compl.)

Plaintiffs did not send their notice of rescission until May 15, 2015.[8] (SAC ¶ 5.) The subject loan agreement was executed in October 2006. (*See id.* (referencing Compl.

---

[7] Regulation Z provides that for TILA purposes, "[c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 1026.2(a)(13). State law governs whether a contractual obligation has been established for purposes of Regulation Z. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989).

[8] Defendants acknowledge that Plaintiffs' second amended complaint includes a reference to notices "disputing the debt" that were sent in February and March of 2009. (Mot. at 4; SAC ¶ 16.) However, Defendants argue that Plaintiffs make no attempt to suggest the 2009 notices were notices of rescission. (*See* Mot. at 4; *see generally* SAC.) Plaintiffs' response does not challenge Defendants' argument that the 2009 notices were not notices of rescission. (*See*

Ex. A).) Thus, even drawing all reasonable inferences in favor of Plaintiffs, the court finds no basis to infer that their rescission was timely. Accordingly, the court grants Defendants' motion to dismiss.

## C. Leave to Amend

As a general rule, when a court grants a motion to dismiss, the court should dismiss the complaint with leave to amend. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051. In determining whether dismissal without leave to amend is appropriate, courts consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of these principles, the court concludes that leave to amend is not appropriate. Plaintiffs' allegations in the second amended complaint bring the subject loan within the definition of a "residential mortgage transaction," as defined in 15 U.S.C. § 1602(x). Thus, Plaintiffs have pleaded facts rendering Section 1635 inapplicable to the

---

*generally* Resp.) In fact, Plaintiffs do not mention the notices "disputing the debt" at all in their response. (*Id.*) Failure to respond to an argument may be treated as an admission that the argument has merit. *See* Local Rules W.D. Wash. LCR 7(b)(2); *see also Lombardi v. Columbia Recovery Grp., LLC*, No. C12-1250 RSM, 2013 WL 5569465, at *4 (W.D. Wash. Oct. 9, 2013). The court construes Plaintiffs' silence regarding this argument as an admission of its merit, and declines to consider the issue further.

subject loan transaction. 15 U.S.C. § 1635(e)(1). No further amendment can cure the fact that Plaintiffs never had a right to rescind the subject loan under TILA.

Moreover, despite the court's guidance that Plaintiffs must allege facts about the loan transaction before the court can infer a problem with consummation (*see* 2/9/16 Order at 7 & n.6), Plaintiffs' second amended complaint does not contain a single factual allegation to suggest the subject loan was never consummated (*see generally* SAC). Thus, Plaintiffs again fail to allege facts from which the court can infer that their May 2015 notice of rescission was timely. In its original order of dismissal, the court warned Plaintiffs that failure to cure the identified deficiencies may be interpreted as an indication that further amendment would be futile. (2/9/16 Order at 8.) Plaintiffs' amended complaint fails to cure either identified deficiency, which indicates to the court that further amendment would be futile. Consequently, the court dismisses Plaintiffs' second amended complaint without leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 25) and DISMISSES Plaintiffs' second amended complaint with prejudice and without leave to amend.

Dated this 12th day of April, 2016.

JAMES L. ROBART
United States District Judge